UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANTHONY SKLOSS AND SUSAN SKLOSS, INDIVIDUALLY AND D/B/A SOUTHERN AG FARMS,<br>*Plaintiffs*<br><br>VS.<br><br>RREF CB SBL ACQUISITIONS, LLC,<br>*Defendant.* | § § § § § § § § § § | CIVIL ACTION NO. 7:14-894 |

**PLAINTIFFS' MOTION TO REMAND**

Plaintiff Anthony Skloss, Individually and d/b/a Southern Ag Farms, and Plaintiff Susan Skloss, Individually and d/b/a Southern Ag Farms (collectively, the "Plaintiffs") file this Motion to Remand (the "Motion"), pursuant to 28 U.S.C. §1332 and §1447, and Federal Rule of Civil Procedure 81, based upon the fact that: (i) Defendant RREF CB SBL Acquisitions, LLC (the removing party) filed a state court lawsuit on the same subject matter against Plaintiffs prior to Plaintiffs' filing of this removed action[1], and (ii) affirmatively pleaded that it is a "Texas limited liability company". Accordingly, Plaintiffs file this Motion seeking remand of this action to the 389th Judicial District Court, Hidalgo County, Texas from which it was previously removed to this Court by RREF CB SBL Acquisitions, LLC ("Defendant") and its apparent substitute[2], and in support would show the Court as follows:

---

[1] Even though Defendant filed its initial state court action on September 30, 2014 – three (3) days prior to Plaintiffs' state court action involving the same loan, Defendant's counsel did not advise Plaintiffs' counsel of the prior lawsuit until November 4, 2014, more than a month after the filing and three (3)

[2] Defendant's conferred with Plaintiffs' counsel on its Motion to Substitute Parties, advising that the loan and accompanying Deed of Trust had been transferred to another of Defendant's Texas entities and inquiring if Plaintiffs would oppose the Motion to Substitute Parties.

**A.  Overview of Facts**

1.      On or about November 1, 2005, Plaintiffs executed a promissory note in the original principal amount of $100,000.00, payable to Texas State Bank, for the purpose of a revolving line of credit (the "Note") for the Plaintiffs' farming operations

2.      The Note was secured by a Deed of Trust (the "Deed of Trust") dated November 1, 2005, securing a purported lien, in favor of Texas State Bank, against a portion of the Plaintiffs' rural homestead (which is described in Plaintiffs' Motion for Summary Judgment, which is incorporated herein by reference) (hereinafter "Subject Real Property").

3.      The Note matured by its own terms on November 1, 2006.  The maturity date was extended twice by and through the terms of two (2) renewal and extension agreements: (i) on or about November 1, 2006, an Extension of Real Estate Note and Lien extended the maturity to November 1, 2007; and (ii) on or about October 1, 2007, another Extension of Real Estate Note and Lien extended the maturity to October 1, 2008. The Note matured on or about October 1, 2008 (at the latest), at which time all unpaid amounts became due.

4.      On or about August 6, 2014, Defendant made its first written demand on Plaintiffs for payment of the matured Note.

**B.  Outline of Procedural History**

5.      On or about September 15, 2014, Defendant posted the Property for foreclosure sale in the October 7, 2014, public foreclosure sale.

6.      On September 30, 2014, Defendant filed a state court action against the Plaintiffs (Cause No. C-7685-14-I) seeking to enforce the terms of the Note.  In this action, the Defendant (there, the plaintiff) affirmatively pleaded that it is a "Texas limited

liability company." *See* Petition (C-7685-14-I) at Paragraph One ("Plaintiff RREF is a Texas limited liability company"), which is attached hereto as Exhibit "A" and incorporated herein by this reference.

7. On October 3, 2014 Plaintiffs filed the underlying action in 389th Judicial District Court, Hidalgo County, Texas, requesting declaratory judgment and injunctive relief in relation to the same loan documents at issue in Defendant's Cause No. C-7685-14-I.

8. On or about October 17, 2014 Defendant filed its Notice of Removal (Doc. # 1).

9. Subsequently, Counsel for Defendant informed Plaintiffs' counsel that Defendant had previously (not date or copy of the assignment was provided) assigned the Note to Defendant's Texas sister entity. See the true and correct copy of the emails between the parties' counsel attached as Exhibit "B" and incorporated herein by this reference.

10. On or about November 10, 2014, Defendant posted the Property for foreclosure sale in the December 2, 2014, public foreclosure sale.

### B. Arguments and Authorities

11. A state court action may be removed to federal court on diversity grounds only where there is complete diversity between the parties. *See Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). If any defendant is a citizen of the same state as any plaintiff, the parties are not diverse under 28 U.S.C. §1332. *See Id*.

#### (i) Defendant Bears the Burden

12. The party invoking a court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276

F.3d 720, 723 (5th Cir. 2002); see also, *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

13. In evaluating the propriety of removal, the Court must evaluate all allegations in the light most favorable to Plaintiffs and must resolve all contested issues of fact and ambiguities of controlling state law in favor of Plaintiffs. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### (ii)   The Notice of Removal is Fatally Defective for Failure to Aver the Citizenship of the *Members* of RREF CB SBL Acquisitions, LLC

14. Because RREF CB SBL Acquisitions, LLC is a limited liability company, its citizenship is determined by the citizenship of its members. *See Tewari De–Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir.2014) ("Because MTSR is a limited liability company, however, its citizenship is determined by the citizenship of all of its members.")

15. For that reason, **a notice of removal filed by a limited liability company *must* state the citizenship of its members; otherwise, it is fatally defective**. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed.Appx. 62 (9th Cir 2011) (**remanding to state court**, observing that federal district court lacked diversity jurisdiction over action removed from state court because **notice of removal failed to state citizenship of each member of defendant limited liability corporations**); see also, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir.2009) (same); see also, *Meyn America, LLC v. Omtron USA LLC*, 856 F.Supp.2d 728, 733 (M.D.N.C 2012) ("Omtron's notice of removal suffers from important defects that render it inadequate for establishing this court's subject matter jurisdiction. Omtron represents that it 'was formed under the laws of Delaware and has its principal place of business in

Georgetown, Delaware.' Yet this information is irrelevant for diversity purposes, since Omtron is a limited liability company whose citizenship is based on the citizenship of its members."); see also, *Trutie v. Republic Nat. Distributing Co., L.L.C.*, 718 F.Supp.2d 1350, 1351-52 (S.D.Fla. 2010) (**remanding case**, observing "When determining citizenship, '[a] limited liability company is a citizen of any state of which a member of the company is a citizen.'....The Amended Notice of Removal altogether lacks allegations regarding the citizenship of all members of Defendant Republic National Distributing Company, L.L.C. Because they have insufficiently plead the citizenship of Defendant Republic National Distributing Company, L.L.C., Defendants have failed to establish the Parties' diversity of citizenship. Therefore, Defendants have not met their initial burden of establishing this Court's jurisdiction over the above-styled cause.")

16.     As applied here, Defendant's Notice of Removal is utterly silent regarding the identity and the citizenship of the members of RREF CB SBL Acquisitions, LLC. Therefore, Defendant failed to satisfy its threshold burden for removal, warranting remand.

### (iii)  Defendant has *admitted* that RREF CB SBL Acquisitions, LLC is a citizen of Texas

17.     Defendant is a citizen of Texas, *by its own admission*. On September 30, 2014, Defendant filed a parallel state court action against the Plaintiffs (Cause No. C-7685-14-I) in which the Defendant (there, the plaintiff) admitted that it is a "Texas limited liability company." *See* Petition (Exhibit "A") at Paragraph One ("Plaintiff RREF is a Texas limited liability company.).

18.     The Fifth Circuit applies judicial estoppel when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly

inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261-62 (5th Cir. 2012) (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011).

19. Each of the three elements is satisfied here. Defendant averred that it is a citizen of Texas and now argues exactly to the contrary in an effort to establish diversity jurisdiction. *See Cunningham v. World Sav. Bank, FSB*, Case No. 3:07–cv–08033, 2007 WL 4181838, at *4 (D.Ariz., Nov.21, 2007) (party indicated in one action that is domiciled in Arizona but then in a subsequent lawsuit claimed domicile in California for purposes of dispute over the existence of diversity jurisdiction. The court found these statements incompatible and judicially estopped the party from arguing California citizenship)

20. Here, by the same token, Defendant is precluded from alleging citizenship contrary to its admitted Texas citizenship.

21. That conclusion also accords with the Fifth Circuit's recognized purpose of judicial estoppel. "The purpose of the [judicial estoppel] doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (internal quotations omitted).

22. As shown herein, Defendant has played fast and loose with the courts, alleging whatever citizenship suits the exigencies of its self interest. Accordingly, Defendant is precluded from alleging citizenship other than its admitted Texas citizenship.

### (iv) Defendant's filing and prosecution of the parallel state action (Cause No. C-7685-14-I) *waives* any right to remove of the above-styled action

23.     As stated above, Defendant filed a parallel state court action against the Plaintiffs (Cause No. C-7685-14-I), which action involves the same parties and issues as the above-styled case. *See* Ex. "A."

24.     Defendant has, accordingly, waived its right to remove the above-styled case. Cf. *Mathis v. DCR Mortg. III Sub I, LLC*, 942 F.Supp.2d 649 (W.D.Tex. 2013) (contemplating that prosecution of a case filed in state court might result in waiver that precludes removal of another action by that party if both actions involve the same parties and same issues)

25.     *Mathis* involved two parallel cases. DCR litigated the first case in state court. The second case was removed by DCR. Mathis argued that "DCR's litigation of *Mathis I* in the state court amounts to a waiver of DCR's right of removal in this case, and thus requires DCR and the other seven defendants not sued in *Mathis I* to litigate these new causes of action in state court." *Id*. at 650. While the court ultimately rejected said argument *under those facts*, the court contemplates that waiver would have resulted if both cases involved the same parties and same issues. *See Id*. at 651, to-wit:

> First, the parties in the two suits are not identical: Mathis I named only Mathis and DCR, whereas this suit adds seven other defendants who have never been involved in this litigation and thus could not be construed to have manifested any intent to submit the case to state court adjudication.FN2 **The concept of cross-case waiver might make some sense when identical parties are involved**, but there is an inherent unfairness in Mathis's extension of the concept to allow the actions of one defendant to prejudice the rights of other defendants in a separate lawsuit filed years later. Second, the issues in the two suits are not identical,

*Id*. at 651.

26.    Here, in contrast to the facts of *Mathis*, both cases involve the same parties and same issues. *See* Ex. "A." Therefore, the waiver contemplated in *Mathis* applies here.

27.    Moreover, finding waiver under the circumstances presented here gives deference to the underlying purpose of diversity jurisdiction as observed by the Fifth Circuit: diversity jurisdiction is reserved for those who *need refuge from the local bias of state courts*. *See Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1153 (5th Cir.1985) ("[I]t is clear that Congress intended to limit the diversity jurisdiction of federal courts to those out-of-state citizens who may be subject to local bias…..Again, **we cannot overemphasize the primary underlying purpose of the diversity statute, that is, to provide a separate forum for out-of-state citizens to protect those citizens against the prejudices of local courts** and local juries by making available to them the benefits and safeguards of the federal courts.") (emphasis added); see also, *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 538 (5th Cir.2014) (citing *Chick Kam Choo*)

28.    Waiver, under these facts, serves said underlying purpose. That is because, here, the Defendant has, by voluntarily filing a parallel action in state court (Cause No. C-7685-14-I) has *willfully* chosen to subject itself to state courts, <u>apparently viewing local bias as a nonissue</u>. Therefore, in this action involving the same subject matter and parties, Defendant should be precluded from utilizing local bias as a ground to flee to this Court. *See* case law, *supra*.

### (v) Defendant's alleged assignment of the note to its Texas sister entity destroys diversity

29.    Counsel for Defendant informed Plaintiffs' counsel that Defendant assigned the note to Defendant's Texas entity, and has allegedly substituted the two

entities in this case. Doing so destroyed diversity. *See JMF Development LLC v. CB 36, LLC*, 2008 WL 222298 (S.D.Ind. 2008) (diversity destroyed by substituting diverse party with non-diverse party); see also, *Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 382 (7th Cir.1988) ("[I]f the assignment is not collusive or otherwise improper, the assignee's citizenship determines whether his suit is within the diversity jurisdiction.").

30. Plaintiffs anticipate that Defendant will rely on *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426 (1991). However, *Freeport–McMoRan* is fundamentally dinstinguishable. *Freeport–McMoRan* involved a substitution under **Fed.R.Civ.P. 25(c)** of a nondiverse ***plaintiff*** that was deemed ***not indispensible***. *See Id*. at 427. Moreover, the Court rested its decision in *Freeport–McMoRan*, in part, on the policy considerations particular to the transfer of interests between *plaintiffs* in ongoing litigation. *See Barrett v. Prison Health Services, Inc.*, 647 F.Supp.2d 314, 330 (D.Vt.2009) (distinguishing *Freeport–McMoRan* on the grounds stated in this paragraph)

31. Here, by contrast, this case involves an assignment from one *defendant* to another, and the assignee is *indispensible*, as explained below. Moreover, here, *Rule 25(c) does not apply*, as explained below.

32. In *JMF Development LLC v. CB 36*, LLC, 2008 WL 222298 (S.D.Ind. 2008), that court was faced with a transferee (non-diverse) and asked to apply Rule 25(c) and *Freeport-McMoRan* so as to substitute-in the transferee as a defendant without destroying diversity jurisdiction. The Court **rejected** the applicability of both Rule 25(c) and *Freeport-McMoRan*, holding that the substitution destroys diversity. The following excerpt of *JMF Development* is particularly instructive:

> Plaintiff suggests that it is merely substituting a party under Rule 25(c) of the Federal Rules of Civil Procedure, which would not affect subject matter jurisdiction (see *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991)), and that the non-diverse defendant would be only a 'nominal' party whose presence would not defeat jurisdiction. The court disagrees with those suggestions.
>
> First, the court concludes that Rule 25(c) does not apply to plaintiff's proposal to add as a defendant the buyer of what was defendant's principal asset. What was transferred was not an 'interest' in the lawsuit, which is the subject of Rule 25(c), but only an asset (apparently the only substantial asset) of the defendant. That fact distinguishes this case from *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C.Cir.1996), in which Rule 25(c) was used to add as a defendant the buyer of real estate where the issue in the lawsuit was who actually owned the real estate, and from *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991), in which the plaintiff transferred its interest in the contract that was the subject of the litigation itself.
>
> **Second, plaintiff's proposed amended complaint does not treat the buyer as only a 'nominal' party whose citizenship could be disregarded for purposes of diversity jurisdiction. The proposed amended complaint seeks significant coercive relief directly against the buyer.** Accordingly, plaintiff's proposed amended complaint would defeat jurisdiction.

*Id*. at * 1 (emphasis added)

33.     As applied here, the Texas entity to which Defendant assigned the note ("Texas Assignee") will not be a mere nominal party to this litigation. Rather, the Texas Assignee will, itself, be an active participant in this litigation, including that the Texas Assignee will be directly involved in the dispute regarding the noticed foreclosure of the subject real property, particularly since the Texas Assignee is <u>the</u> apparent party with standing to foreclose. *See Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*, 2013 WL 2422778, *2 (5th Cir. 2013) (citing Texas case law for the proposition that a party must prove standing to foreclose and, where the party is an assignee, it gains standing by virtue of the assignment of the security interest). Accordingly, Plaintiffs will seek an

injunction directly against the Texas Assignee, enjoining it from foreclosing on the subject real property.

34. Stated differently, the Texas Assignee will not be a nominal party or a passive observer to this litigation; rather, it will be an active participant. Therefore, the reasoning of *JMF Development* court applies here. *See Id*.

35. For the same reasons stated above, the Texas Assignee is an indispensible party, which *further* distinguishes *Freeport–McMoRan*. See See *Butcher v. Hildreth*, 992 F.Supp. 1420, 1423 (D.Utah, 1998) (distinguishing *Freeport–McMoRan* on the ground that "the *Freeport–McMoRan* Court based its decision, at least in part, on the fact that FMPO was not an indispensable party," and observing "In this matter Mr. Barfield's presence is essential to solve the controversy between the original parties and therefore his joinder destroys diversity.")

36. Accordingly, *Freeport-McMoRan* and its progeny do not apply here. Therefore, the citizenship of the Texas Assignee controls, thereby destroying diversity. *See* case law, *supra*., holding that assignee's citizenship controls and holding that substitution of a non-diverse party that falls outside the scope of Rule 25(c) and *Freeport-McMoRan* destroys diversity.

37. Alternatively, Defendant's "substitution" is tantamount to a dismissal of the Defendant because the Defendant, having assigned all of its interest in the Note, now lacks standing. *See Cruz v. Pfizer, Inc*., S.D.Tex.,2010., 2010 WL 1790413, *2 (S.D.Tex.) ("The dismissal of the diverse party destroys this Court's diversity jurisdiction (if it ever existed in this case), as this action now only involves state law claims between

Texas citizens….As this action now lacks diversity of citizenship, the Court does not have subject matter jurisdiction and must sua sponte remand this action to state court…")

### C. Attorney's fees and costs incurred as a result of the removal

38. Plaintiffs request recovery of attorney's fees, expenses, and costs under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); see also, *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001)

39. The Court does not have to find that the removal was in bad faith or for an improper purpose before it can award costs and attorneys' fees. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Moreover, 28 U.S.C. §1447(c) is not a sanctions rule; it is merely a fee-shifting statute that allows the Court to make whole the remanding party, regardless of whether the removal was in bad faith or for an improper purpose. *See Id.*

### D. Prayer

40. Plaintiffs request that the Court remand the above-styled action to 389th Judicial District Court, Hidalgo County, Texas, the state court from which it was removed; that the Court enter a judgment awarding Plaintiffs attorney's fees, expenses, and costs incurred as a result of the removal under 28 U.S.C. §1447(c) and pursuant to all other available bases, with same taxed against Defendant; and that the Court grant Plaintiffs all further relief to which they are entitled.

SIGEND on the 12th day of November, 2014.

RESPECTFULLY SUBMITTED,

LAW OFFICE OF ANTONIO VILLEDA
5414 North 10th Street
McAllen, Texas 78504
(956) 631-9100
(956) 631-9146 – Fax

BY:__/s/ Jana Smith Whitworth_____
    Jana Smith Whitworth
    State Bar No. 00797453
    Federal I.D. 20656
    jwhitworth@mybusinesslawyer.com
    Antonio Villeda
    State Bar No. 20585300
    Federal I.D. 1947
    avilleda@mybusinesslawyer.com

    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 12, 2014, I conferred with counsel for Defendant RREF CB SBL Acquisitions, LLC, Rachel Kingrey, via email to determine if her client opposed the Plaintiffs' Motion to Remand. Defendant RREF CB SBL Acquisitions, LLC opposes this Motion to Remand.

    _/s/ Jana Smith Whitworth_____
    Jana Smith Whitworth

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November 2014, I served all parties and counsel of record a true and correct copy of the Plaintiffs' First Amended Complaint by ECF and in the manner indicated below:

*Via Telecopier No. (214) 999-3893 and (214) 999-4667*
***Emails:** rkingrey@gardere.com and rslovak@gardere.com*
Robert T. Slovak
Rachel Kingrey
GARDERE WYNNE SEWELL, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201

    _/s/ Jana Smith Whitworth_____
    Jana Smith Whitworth